# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,                          :

    Plaintiff,                          :        Case No.  3:15cv00455

vs.                                        :        District Judge Thomas M. Rose
                                                    Chief Magistrate Judge Sharon L. Ovington
ANGELA A. BLACKSHEAR, *et al.*,            :

    Defendants.                         :

## REPORT AND RECOMMENDATIONS[1]

## I.    <u>Introduction</u>

Plaintiff Drake A. Edwards, a resident of Dayton, Ohio, brings this matter pro se, naming as Defendants two other residents of Dayton: Angela A. Blackshear and Jami M. Dawson.  His Complaint sets forth the following unusual claim for relief: "I want both houses 3201 W. Main St. Dr. and 3304 Lakeview Dr.  Seize all money life policy and properties!" (Doc. #2, *PageID*# 17).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915.

The case is presently before the Court for a *sua sponte* review to determine

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

whether Plaintiff's Complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013).

## II.  <u>Background</u>

Plaintiff's Complaint begins (quoting verbatim), "Sir, On or about April 24[,] 2014 Jam M. Dawson stolen my rental car remote starter to a Nissan 2014 silver over a CD that was in the car...."  (Doc. #3, *PageID*# 16).  At the time this occurred, Plaintiff was having health problems and went to the hospital (""Good Sam' on Salem").  *Id*.  The next morning, after getting out of the hospital, Plaintiff called Jami Dawson .  Apparently a problem arose over the rental car that may have been parked in a hospital parking lot.  This is inferable from Plaintiff's statement that "[t]he security guard promised me that the rental car was safe for 24 hrs due to me getting another key.  However, Mr. Dawson never brought the key back!  He and Erika Williamson and Angela A. Blackshear conspired to have me locked up!"  *Id*.

The remaining allegations in the Complaint probably make sense to Plaintiff but do not connect with each other or with the other allegations (described above) in narrative way.  The Complaint asserts (with no edits or corrections):

> Why first Angela A. Blackshear told me why "Alan Oglesby mother died by the sword? is because Angela A. Blackshear sat on 2 kilos of cocaine in a "Mickey Mouse' lunch box on FoTip!  Jami Dawson was part and played getting favors from the Blackshear family He lives down the street from Mr. Willis Blackshear?

2

*Id*. The Complaint contains no further allegations or explanations of Plaintiff's claims.

## III.   <u>Applicable Standards</u>

Plaintiff's Complaint may be dismissed as frivolous under § 1915(e)(2) "only if [it] fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  A Complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.  A pleading lacks arguable facts when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

A Complaint may also be dismissed under § 1915(e)(2) when it fails to state a claim upon which relief can be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To state such a claim, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

## IV.  <u>Analysis</u>

Accepting Plaintiff's allegations as true and liberally construing his pro se Complaint in his favor fails to reveal any claim over which this Court may exercise federal question jurisdiction.  Although he alleges that the two named defendants and Erica Williamson conspired to have him "locked up," accepting this allegation together with all the allegations of the Complaint fails to reveal that either defendant acted under the color of state law.  The Complaint therefore fails to state a plausible claim under 42 U.S.C. § 1983.  *See Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009) (civil rights claim under § 1983 must be based, in part, on act done under color of state law).  Additionally, Plaintiff's Complaint does not advance sufficiently specific facts to raise a plausible conspiracy claim.  *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) ("[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").

If the Complaint is attempting to advance the theory that the named defendants are somehow liable to him because they violated federal criminal laws, the Executive Branch of the U.S. Government, not private citizens, prosecutes criminal cases.  *See Westfall v. Plummer*, No. 2:10cv813, 2010 WL 4318586, at *2 (S.D. Ohio Oct. 25, 2010) (and cases cited therein) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.  Private citizens may not do so; 'a private citizen has no standing to initiate federal criminal prosecution....' "); *see also Diamond v. Charles*,

476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Lastly, Plaintiff and both named defendants are residents of Ohio.  The Court therefore lacks diversity jurisdiction over any state-law claim the Complaint seek to raise. *See* 28 U.S.C. § 1332(a); *see also Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) (Since its enactment, the diversity statute has required "'complete diversity' of citizenship." citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)).

Accordingly, for the above reasons, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2);

2. The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal from this Court, if any, would not be taken in good faith; and,

3. The case be terminated on the docket of this Court.

October 14, 2016

s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).